UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. PORTER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GORDON R. ENGLAND,<br>SECRETARY DEPARTMENT OF<br>THE NAVY,<br><br>　　　　　Defendant, | CIV-F 03-6291 AWI SMS<br><br>ORDER RE: MOTION TO DISMISS<br>AND/OR MOTION ON THE PLEADINGS |

Defendant has made a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6), or in the alternative for a motion on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). Plaintiff opposes the motion.

**I. History**

These proceedings have a very complex history. This case does not exist in isolation, but is instead one of a constellation of suits before the district court and the U.S. Equal Employment Opportunity Commission, Office of Federal Operations. Plaintiff Ronald Porter was an employee of Defendant Department of the Navy at the China Lake Naval Air Warfare Center; he started working there in 1974. In 1989, he was a Plant Account Tech DG-2 of the Information Management Department. His supervisor at the time was Debra Schlick. Plaintiff alleged that Ms. Schlick discriminated against him on the basis of his sex by giving him a bad performance

1

evaluation. The review contributed to the denial of a promotion to DG-3. Plaintiff alleges he received further negative reviews. Plaintiff was reassigned within the Information Management Department to help with a temporary workload on January 17, 1993. On June 13, 1993, Plaintiff changed positions and became a Computer Assistant. He was still part of the Information Management Department, but no longer worked under the supervision of Ms. Schlick. On July 31, 1996, Plaintiff changed positions and became a Computer Assistant in the Engineering Weapons/Targets Department. Plaintiff asserts that absent the discrimination, he would have remained a Plant Account Technician instead of changing positions. The Navy instituted a Reduction in Force and Plaintiff left Navy employment on November 19, 1999.

   Plaintiff filed an administrative complaint on July 17, 1990 (Agency Case No. 90-60530-002), alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964. He sought promotion retroactive to August 13, 1989 with bonuses and increments equal to those given to equivalent female employees. The history of this case is not altogether clear. The administrative case was handled through the Navy administrative process with appeal to the EEOC. On July 26, 1990, the Navy dismissed portions of his case for failure to seek EEOC counseling in a timely fashion. On appeal, the EEOC affirmed the Navy. Ronald Porter, Appellant, v. Admiral Frank B. Kelso II, Acting Secretary, Department of the Navy, Agency, 1990 WL 1110358 (E.E.O.C. November 26, 1990). A Navy investigation determined that Plaintiff was discriminated against. On July 2, 1992, the Navy offered Plaintiff a retroactive promotion with backpay to settle the case. On August 21, 1992, Plaintiff refused the offer on the basis that (1) there was no bonus or increment, (2) the 4% increase was not the usual 10% increase, (3) there was no interest on the backpay, and (4) the Navy's settlement sought to limit Plaintiff's future recourse to the EEOC. The Navy then dismissed the case on the basis that Plaintiff refused to accept an offer of full relief. Plaintiff appealed to the EEOC, which found that interest was not warranted and that there was no improper bar on future EEOC claims, but which remanded to the Navy to factually determine if the bonus, increment, and 10% increase were warranted. Ronald Porter, Appellant, v. Admiral Frank B. Kelso II, Acting Secretary, Department of the Navy, Agency, 1993 WL 1505233 (E.E.O.C. April 19, 1993). Plaintiff sought

reconsideration. The EEOC then granted reconsideration, finding that an award of interest was proper and that the language limiting recourse to the EEOC was invalid. <u>Ronald Porter, Appellant, v. John H. Dalton, Secretary, Department of the Navy, Agency.</u>, 1994 WL 1841286 (E.E.O.C. August 4, 1994). The case was again remanded to the Navy. On September 27, 1995, the Navy appears to have dismissed the claim as moot. On appeal, the EEOC reversed the Navy and remanded. <u>Ronald Porter, Appellant, v. John H. Dalton, Secretary, Department of the Navy, Agency.</u>, 1996 WL 688437 (E.E.O.C. November 13, 1996). On March 13, 1997, the Navy again appears to have dismissed the case. The EEOC had to, again, direct the Navy to proceed in compliance with previous EEOC orders. <u>Ronald Porter, Appellant, v. John H. Dalton, Secretary, Department of the Navy, Agency.</u>, 1999 WL 448091 (E.E.O.C. June 22, 1999). The court can not determine the final disposition of the administrative complaint.

   That is just the outline of one case. As far as the court can determine, the following administrative complaints are also related to this action: Agency Case Nos. 91-60530-003, 93-60530-015, 00-60530-003, and 01-60530-011. In addition, an EEOC order dealing with Agency Case No. 91-60530-003 makes reference to a second administrative complaint filed in 1990 for which the court can not find a case number for. In district court, the following cases are potentially related to this action: Civ. Case Nos. 96-5933 SMS, 00-5906 REC, 06-0880 LJO, and 07-0825 AWI. Not all of the district court cases are active. Civ. Case No. 96-5933 was dismissed without prejudice in 1998 and appears to be a precursor of this case. Civ. Case No. 00-5906 has been dismissed with prejudice. Agency Case No. 95-60530-016 and Civ. Case No. 01-6302 SMS are also potentially related to this action.

   In the present case, Plaintiff alleges, "From approximately September, 1990, in violation of Title VII of the Civil Rights Act of 1964, as amended, and based on his sex (male) and reprisal for prior protected activity. [sic] Agency discriminated and reprised against Porter, separately and conjunctively to create a hostile work environment....Porter seeks the hostile free work environment that all federal employees are entitled to by the Agency. Porter seeks all other relief he is entitled to by law and equity." Doc. 1, Complaint, at 2:16-19 and 3:13-15.

## II. Discussion

Defendant argues that the case is moot as all available relief sought by Plaintiff has either been granted (backpay) or can no longer be granted (end to hostile work environment) as Plaintiff no longer works for the Navy.  Plaintiff argues that he has not received the full amount of backpay and continues to suffer the effects of discrimination as the negative performance reviews caused him to leave the Information Management Department to take another job within the China Lake facility that he otherwise would not have taken.  He alleges that one result of this shift was his termination in the 1999 Reduction in Force.

As these events has given rise to separate district court cases (which do not appear to be amenable to consolidation at this point), the court must focus on the allegations and causes of action present in this case and determine how they are distinct from the allegations and causes of action in the other cases.  Plaintiff can not assert essentially identical causes of action in multiple cases before the district court.  "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. California Dep't Health Serv., 487 F.3d 684, 688 (9th Cir. 2007), quoting Walton v. Eaton Corp., 563 F.2d 66, 70-71 (3rd Cir. 1977).  Four criteria are applied to determine if a subsequent action is duplicative of a prior action.  Those criteria are: "(1) whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. 'The last of these criteria is the most important.'" Adams v. California Dep't Health Serv., 487 F.3d 684, 689 (9th Cir. 2007), quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-2 (9th Cir. 1982).  The first step must be to disentangle the cases so that they are interpreted to assert independent causes of action.  Based on the information presented thus far, the court can not accomplish this task.

Plaintiff asserts, "This case includes allegations of discrimination and reprisal, arising from about 1 August 1990 (perhaps earlier from 21 May 1990) through 1 January 1991, by individual acts and/or cumulative acts that created a hostile work environment - for example:

Schlick argued with Porter, discussed his job performance and falsified information about him to or in front of others." Doc. 43, Plaintiff's Opposition, at 2:24-28.  Plaintiff previously said that, "Because of the letter of reprimand and the complaints about Debra Osgood Schlink were not addressed, Porter was denied promotional opportunities, higher evaluations, the increase in increments and bonuses based on the letter of reprimand and complaints, and other relief that attaches to his federal employment. He was labeled a 'troublemaker' or 'frequent filer' of EEO complaints. Because these cases occurred prior to the enactment of the Civil Rights Act of 1991, 42 U.S.C. §1981(a), he is still entitled to a clean record, back pay with interest, and attorney's fees and costs. Because Porter had to escape Osgood he took a lateral transfer to another position and his original position was never abolished. He should be returned to that specific position because the Navy never took control of Schlick to ensure that Porter was not discriminated or reprised against." Doc. 14, Plaintiff's Initial Disclosures, at 2:13-23.  These statements suggest that the actions at issue in the case are limited to actions that took place in the latter half of 1990.

      However, other statements cut against that interpretation.  Plaintiff posits "each of the above captioned cases [03-6291, 06-0880, and 07-0825] is so intertwined with the others that no one case can be dismissed without understanding the discrimination and reprisal, which individually are legally and/or equitably compensable, but more importantly collectively created the hostile work environment he suffered that culminated with his removal under the 1999 Reduction in Force and the resulting failure to place him on the Priority Placement Program, Re-promotion List, or the Re-employment Priority list." Doc. 43, Plaintiff's Opposition, at 1:15-21. Plaintiff reiterates his claim that "the Navy 'caused him to suffer continued discrimination and reprisal in matters like work evaluations, performance evaluations, promotional opportunities, pay increments and bonuses, job assignments, continued employment and other actions which affected negatively on the terms and conditions of federal employment." Doc. 43, Plaintiff's Opposition, at 11:24-27, quoting Doc. 1, Complaint at 3:4-8.  Plaintiff seems to be suggesting here that personnel actions that took place after 1991 also constitute part of this case.

      There is a further issue concerning whether Plaintiff has exhausted his administrative remedies.  "The Navy also believes that plaintiff is attempting to include in this case grievances

5

that are the subject of still-pending administrative proceedings. The Navy notes that plaintiff has not supplied an ending date for his alleged grievances in his narrative above and has included an open-ended list of alleged injuries he sustained. This suggests that plaintiff intends to pursue other Navy management actions from 1991 to the present in this case, even though many aspects of Navy management that he disapproved of are the subject matter of administrative proceedings that are not yet completed....Though there are other pending matters in court at this time, the two cases are extremely dissimilar in nature. The other case has a jury and claims of legal relief. Plaintiff has pursued any number of other claims and has any number of other claims in the EEO process pipeline. These other cases include some that are presently before the Equal Employment Opportunity Commission awaiting a hearing." Doc. 15, Joint Scheduling Conference, at 2:25-3:4 and 10:2-6.  Plaintiff, in contrast, states "Navy does not contend that Porter failed to exhaust his administrative remedies." Doc. 43, Plaintiff's Opposition, at 6:24-25.  This disconnect appears to result from the fact that this case remains largely undefined.

Based on this record, the court can not determine the parameters of this action.  The best solution is a new and clearer complaint.  Plaintiff is directed to file an amended complaint that states with specificity the legal basis of this case, the incidents of which he complains, and the relief sought.  Without a detailed complaint, the court can not determine if the claims contained in this case are properly before the court or if they have already been adjudicated or are duplicative of another suit.  A full summation of the administrative complaints and district court cases (and how they interrelate) would prove enormously helpful.

### III. Conclusion

Plaintiff is directed to file an amended complaint within thirty (30) days of the filing of this order.

IT IS SO ORDERED.

Dated:     **October 31, 2007**                         **/s/ Anthony W. Ishii**
                                                                         UNITED STATES DISTRICT JUDGE