# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. PORTER,<br><br>        Plaintiff,<br><br>    v.<br><br>DONALD C. WINTER,<br>SECRETARY DEPARTMENT OF<br>THE NAVY,<br><br>        Defendant, | CIV-F 03-6291 AWI SMS<br><br>ORDER RE: MOTION TO DISMISS<br>AND/OR FOR JUDGMENT |

## I. History[1]

These proceedings have a very complex history. This case does not exist in isolation, but is instead one of a constellation of suits before the district court and the U.S. Equal Employment Opportunity Commission, Office of Federal Operations.

Plaintiff Ronald Porter was an employee of Defendant Department of the Navy at the China Lake Naval Air Warfare Center for many years. Plaintiff was employed as a Police Officer in the Safety and Security Department for much of the 1980s. Based on a medical disability, the Navy informed Plaintiff on March 31, 1988 that he was no longer suited to his position. Plaintiff was able to shift to another position as a Plant Account Tech with the

---

[1] The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

1

Information Management Department at the DG-2 level in 1989.

His supervisor at the time was Debra Osgood-Schlick. Plaintiff alleged that Ms. Osgood-Schlick discriminated against him on the basis of his sex by giving him a bad performance evaluation. The review contributed to the denial of a promotion to DG-3. On May 1, 1990, Plaintiff met with an EEO counselor regarding his contention that Ms. Osgood-Schlick discriminated against him on the basis of sex. Plaintiff made four allegations: (1) Plaintiff was denied a level promotion to DG-3; (2) he received no bonus; (3) some of his duties were transferred to another employee; and (4) a truck he used was taken away. The matter was not resolved and the EEO counselor issued a formal notice May 24, 1990 informing Plaintiff that he had 15 days to file a formal administrative complaint. Plaintiff made a filing on June 8, 1990. However, that filing was not recognized and Plaintiff made another filing on July 17, 1990 (Agency Case No. 1990-002). On July 26, 1990, the Navy rejected the complaint for failing to seek EEO counseling in a timely manner, informing Plaintiff he had 30 days in which to appeal to the EEOC. Plaintiff filed an appeal, but the Navy reversed its prior decision and accepted Plaintiff's complaint for investigation on September 19, 1990. The Navy clarified that only allegation one constituted a claim for investigation; allegations two, three, and four constitute evidentiary support for allegation one. On November 26, 1990, the EEOC issued its decision regarding Plaintiff's appeal, supporting the Navy's September 19, 1990 decision to accept the first allegation for investigation. On August 12, 1991, Plaintiff wrote the EEOC to state that the Navy had not yet investigated his complaint though investigations must normally be completed within 180 days.

The Navy completed its investigation on June 2, 1992 concluding that Plaintiff was discriminated on the basis of sex. On June 24, 1992, Plaintiff requested a meeting with Admiral W.E. Newman, Commander of the Naval Air Warfare Center Weapons Division, to discuss his case. On July 2, 1992, the Navy offered to promote Plaintiff to DG-3 retroactive to August 13, 1989 with backpay and to provide Plaintiff with a workplace free of discrimination and retaliation. The Navy rejected Plaintiff's request to meet with Admiral Newman on July 6, 1992. Plaintiff rejected this offer on August 21, 1992, stating that the offer included insufficient

backpay in the form of salary increments, bonuses, and interest on backpay and objecting to a clause in the offer that required Plaintiff to waive certain EEO rights.  The Navy then implemented its offer (promotion and backpay) notwithstanding Plaintiff's refusal.  On October 1, 1992, the Navy concluded that its offer constituted full relief in the matter.  The Navy cancelled Agency Case No. 1990-002 for Plaintiff's failure to accept a certified offer of full relief.  Plaintiff appealed this decision to the EEOC on October 2, 1992.  On April 19, 1993, the EEOC found the waiver to be appropriate and interest on backpay unwarranted, but reversed and remanded to the Navy to determine the amount of bonus Plaintiff should have received. <u>Porter v. Kelso</u>, EEOC DOC 01930051, 1993 WL 1505233 (E.E.O.C. April 19, 1993).  Both parties sought reconsideration.  On August 4, 1994, the EEOC found that the waiver of EEO rights was invalid and that Plaintiff was entitled to interest on backpay. <u>Porter v. Dalton</u>, EEOC DOC 05930767, 1994 WL 1841286 (E.E.O.C. Aug. 4, 1994).   The case was again remanded to the Navy.  On September 27, 1995, the Navy appears to have dismissed the claim as moot.  On appeal, the EEOC reversed the Navy and remanded. <u>Ronald Porter, Appellant, v. John H. Dalton, Secretary, Department of the Navy, Agency.</u>, 1996 WL 688437 (E.E.O.C. November 13, 1996).  On March 13, 1997, the Navy again appears to have dismissed the case.  The EEOC had to, again, direct the Navy to proceed in compliance with previous EEOC orders. <u>Ronald Porter, Appellant, v. John H. Dalton, Secretary, Department of the Navy, Agency.</u>, 1999 WL 448091 (E.E.O.C. June 22, 1999).  The EEOC directed the Navy to pay Plaintiff the average increment and bonus his co-workers received for the performance years 1990, 1991, and 1992.  Plaintiff does not appear to have appealed this decision to the district court.

While Agency Case No. 1990-002 was being litigated, Plaintiff filed other complaints, alleging retaliation against him for filing Agency Case No. 1990-002.  On October 2, 1990, Plaintiff contacted an EEO counselor.  He alleged (1) Ms. Osgood-Schlick argued with him in front of co-workers and (2) the Navy did not properly and timely investigate Agency Case No. 1990-002.  Plaintiff filed his formal complaint on January 17, 1991 ("Agency Case No. 1991-003").  On February 11, 1991, the Navy issued a decision denying Plaintiff's Agency Case No. 1991-003 claim.  The parties then discussed various ways of dealing with the claim which did not

succeed in resolving the complaint. On October 19, 1993, the Navy issued a final decision finding no discrimination/retaliation; Plaintiff appealed to the EEOC. On July 12, 1996, the EEOC found Agency Case No. 1991-003 to be moot. Porter v. Dalton, 1996 WL 410690 (E.E.O.C. July 12, 1996).

The finding of mootness was based on Plaintiff's changed employment circumstances. Plaintiff voluntarily left his position to help with temporary workload in another department on January 17, 1993. On June 13, 1993, Plaintiff formally changed positions and became a Computer Assistant. He no longer worked under the supervision of Ms. Osgood-Schlick. On July 31, 1996, Plaintiff changed positions again and became a Computer Assistant in the Engineering Weapons/Targets Department.

Plaintiff filed suit on August 9, 1996 seeking review of Agency Case No. 1991-003; the original case Civ. Case No. 96-5933, before Judge Coyle. By stipulation, the case was dismissed without prejudice pending the administrative outcome of another of Plaintiff's discrimination/retaliation claims. That claim was initiated on September 9, 1992 ("Agency Case. No. 1993-015"). Plaintiff alleged (1) he received an unfair performance evaluation for August 1990-July 1991; (2) Ms. Osgood-Schlick failed to follow regulations in issuing such an evaluation; (3) a fourth level supervisor failed to follow regulations in reconsidering the performance evaluation; (4) he received an unfair performance evaluation for August 1989-July 1990; and (5) he was not able to apply for promotion due to the improper performance reviews. On March 6, 1992, the Navy's reconsideration process raised his August 1990-July 1991 performance evaluation. On February 24, 1994, the Navy issued a final decision, finding claims three through five time-barred; Plaintiff appealed to the EEOC. Ultimately, the EEOC affirmed the Navy's decision regarding these three claims. Porter v. Dalton, 1994 EEOPUB LEXIS 379 (E.E.O.C. June 28, 1994); Porter v. Dalton, 1994 EEOPUB LEXIS 2016 (E.E.O.C. May 25, 1995). Plaintiff's first two discrimination/retaliation claims moved forward and hearings were held before an EEOC Administrative Law Judge on December 10, 1997 and August 13, 1998. The Administrative Law Judge issued his decision on April 21, 2001, finding Ms. Osgood-Schlick retaliated against Plaintiff in giving him a poor August 1990-July 1991 performance

evaluation but finding no sex discrimination. However, the opinion also found that Plaintiff had already received all equitable monetary relief due; the Navy had already raised his performance evaluation which resulted in an additional salary increment. The Administrative Law Judge ordered the Navy to take corrective action in training its employees at fault and establishing better procedures. The Navy refused to implement those requirements. On April 24, 2003, the EEOC reversed the Navy's decision and ordered attorney's fees and costs in favor of Plaintiff. Porter v. Johnson, 2003 EEOPUB LEXIS 2354 (E.E.O.C. April 24, 2003). Plaintiff unsuccessfully sought reconsideration as to the amount. Porter v. Winter, 2006 EEOPUB LEXIS 1519 (E.E.O.C. April 12, 2006).

Plaintiff filed the present suit which appears to allege retaliation in the period June-December 1990, reviving Civ. Case No. 96-5933 based on Agency Case No. 1991-003. Plaintiff also filed suit to challenge the amount of attorney's fees and costs in Agency Case No. 1993-015; that case is Civ. Case No. 06-0880, before Judge O'Neill. In the second amended complaint, Plaintiff stated "Porter does not wish to re-litigate the liability of his EEO Complaint. It is being included in this 2nd Amended Complaint to ensure the court has jurisdiction. Porter intends to pursue the liability issue if the court determines that putting the Navy's liability at issue is the only way he can achieve compliance with the statutes and congressional intent governing his attorney fees/cost." Civ. Case No. 06-0880, Doc. 17, at 7:27-8:3. Judge O'Neill dismissed the case for lack of jurisdiction and Plaintiff sought to litigate the substance of the claim (Agency Case No. 1993-015) in reconsideration. Judge O'Neill denied the motion for reconsideration and the matter is up on appeal with the Ninth Circuit.

As a separate complaint, Plaintiff alleged that he faced discrimination/retaliation when (1) he received an unfair performance evaluation for August 1991-July 1992 and (2) Ms. Osgood-Schlick showed hostility toward him by moving his desk into a corner while he was working temporarily with another department and changing the locks on the building during that time ("Agency Case No. 1993-021"). The EEOC eventually found that his complaint as to unfair performance evaluation was time-barred and all other claims were moot as Plaintiff had changed jobs within the Navy. Porter v. Dalton, 1993 WL 1508681 (E.E.O.C. Nov. 30, 1993); Porter v.

Dalton, 1994 EEOPUB LEXIS 4165 (E.E.O.C. June 30, 1994) (denying reconsideration). Plaintiff does not appear to have appealed this decision to the district court.

Plaintiff also filed a complaint alleging retaliation for Plaintiff's use of official time to attend a management-union meeting regarding EEOC complaints in February 1995. ("Agency Case No. 1995-016"). That complaint was ultimately pursued to the district court, Civ. Case No. 01-6302. In a bench trial, Judge Snyder found no discrimination or retaliation.

Meanwhile, the Navy instituted a Reduction in Force ("RIF") and removed him from Navy employment on November 19, 1999. Plaintiff filed two complaints ("Agency Case Nos. 2000-003 and 2001-011") which alleged age discrimination and retaliation based on a number of actions over 1996-1999. The Navy issued a final decision finding no discrimination/retaliation. A hearing was held before an Administrative Law Judge, who found no discrimination. On appeal, the EEOC upheld the finding of no discrimination. Porter v. Winter, 2006 EEOPUB LEXIS 6662 (E.E.O.C. Dec. 4, 2006). Plaintiff sought reconsideration which was denied. Porter v. Winter, 2007 WL 788254 (E.E.O.C. March 9, 2007). Plaintiff then filed suit in federal court, Civ. Case No. 07-0825. Plaintiff also filed Civ. Case No 00-5906, in which he challenged his dismissal under the Administrative Procedure Act. That suit was dismissed for lack of subject matter jurisdiction.

In this case, the court granted a previous motion to dismiss finding that the case appeared to be duplicative of other district court cases; the court ordered Plaintiff to file an amended complaint to clarify the subject matter of this case in distinction to his other cases. Doc. 49, Nov. 1, 2007 Order. Plaintiff filed the First Amended Complaint ("FAC") in response. The Navy has filed a motion to dismiss, arguing lack of subject matter jurisdiction due to mootness. Plaintiff opposes the motion.

## II. Legal Standards

A case becomes moot when "by virtue of an intervening event, a court [] cannot grant 'any effectual relief whatever.'" Calderon v. Moore, 518 U.S. 149, 150 (1996), quoting Mills v. Green, 159 U.S. 651, 653 (1895). "Federal courts lack jurisdiction to decide moot cases because

their constitutional authority extends only to actual cases or controversies." Iron Arrow Honor Soc. v. Heckler, 464 U.S. 67, 70 (1983), citations omitted.

### III. Discussion

In this FAC, Plaintiff has failed to give a clear picture as to the boundaries of this case in contrast with Plaintiff's other suits. The court has already once granted Plaintiff leave to amend with particular instructions: "Plaintiff is directed to file an amended complaint that states with specificity the legal basis of this case, the incidents of which he complains, and the relief sought. Without a detailed complaint, the court can not determine if the claims contained in this case are properly before the court or if they have already been adjudicated or are duplicative of another suit." Doc. 49, November 1, 2007 Order, at 6:15-19. In that order, the court noted that Plaintiff's original complaint was inconsistent in describing the scope of the case. Some language suggested that the complaint was narrowly based on actions that took place in the latter half of 1990 while other language suggested that Plaintiff broadly sought relief for all discriminatory/retaliatory Navy actions that spanned over a decade. The court could not give the complaint a wide reading as Plaintiff has filed multiple cases against the Navy alleging discrimination/retaliation based on events in the 1990s. Some of those cases have been resolved, while others are still open. The court will not review claims that have already been adjudicated or are part of other cases, giving Plaintiff multiple bites at the apple. In response to the prior motion to dismiss, the court directed Plaintiff to file a new complaint that would clarify the precise scope of this case in distinction to the others.

The FAC does not resolve these concerns as it characterizes the case as alternatively narrow and broad. Plaintiff pleads:

> the Navy fragmented Porter's hostile environment claim by artificially limiting its impact and time frames, and by spinning individual administrative formal complaints for years on different tracks throughout the administrative process....In those administrative cases that have findings of Navy discrimination against Porter, the relief provided therein only addressed the individual administrative formal complaint without consideration of any additional relief that would be meaningful if Porter's entire hostile work environment claim was considered. These other administrative cases provide background information and evidence of the extent of the hostile work environment in the open cases, and permit the trier of fact to view its totality, and thereby be able to determine the extent of

> discrimination in the instant case(s) and, if discrimination is found, be able to fashion appropriate additional meaningful relief for such hostile work environment, after carving out the partial relief already provided in Porter's other administrative formal complaints

Doc. 51, FAC, at 6:14-7:2. While Plaintiff may be able to refer to the Navy's allegedly discriminatory/retaliatory actions that formed the basis of other suits for background, he may not reuse those acts as the basis of relief in this suit. In the body of the FAC, Plaintiff portrays the case narrowly: "This Court's present case, 1:03-CV-06291 AWI SMS, evolved from Agency Case No. DON-91-60530-003 (called '1991-003' herein)." Doc. 51, FAC, at 18:11-12. Plaintiff also states "the instant case before the Court addresses the retaliatory harassment of Porter's supervisor, Debra Osgood-Schlick, arising from her notification that the agency had partially accepted case 1990-002 on 19 September 1990 and other issues of retaliatory hostile work environment he faced, including the retaliatory manipulation of the grievance process arising from Porter filing his case 1990-002 formal complaint on approximately 8 June 1990." Doc. 51, FAC, at 9:25-10:2. However, his claim for retaliation appears to be spread across two district court cases: "Retaliatory actions of his supervisor and others after the transmission of the EEO Complaint Investigator's findings are the subject of subsequent administrative cases including the one underlying the present case before this Court (the 1991-003 administrative case), the DON 93-60530-015 administrative case (called '1993-015' herein) the recent case before Judge O'Neill, 1:06-cv-00880-LJO-SMS, now on appeal to the 9th Circuit)." Doc. 51, FAC, at 17:3-8. Plaintiff explains that "while Porter was awarded some relief on the findings of discrimination in the 1990-002 and the 1993-015 cases, any such back pay award did not consider the effects of the discrimination alleged in the 1991-003 case. " Doc. 51, FAC, at 25:27-26:1.

This problem is compounded in that Plaintiff appears to be alleging a constructive discharge due to a hostile environment claim: "the instant case before the Court, including the discrete incidents as well as the continuing the hostile working environment that flowed from the 1990-002 case, into the issues of the 1991-003 case and then into the issues of the 1993-015 case had forced Porter to leave his Plant Account Technician DG-503 position and into the Computer Assistant DG-335 position by 1993, a position he would not have otherwise taken absent the

hostile work environment." Doc. 51, FAC, at 37:6-12. Yet, given the fact that the Agency Case Nos. 1991-003 and 1993-015 overlap, Plaintiff does not explain why such a claim is properly part of this case. Further, Plaintiff does not explain if the issue of retaliation in the context of Agency Case No. 1991-003 is up on appeal with the Ninth Circuit. The court can not determine whether Plaintiff is seeking to relitigate Agency Case No. 1993-015, or if Plaintiff even can relitigate it in this district court case. Plaintiff also states, "If a hostile environment is a single claim...then the hostile environment continued through and after Porter was removed from Navy's employment on 19 November 1999 under the 1999 Reduction-In-Force." Doc. 57, Plaintiff's Opposition, at 16:17-19. This suggests again, that Plaintiff is conflating this case with the other district court case, 07-0825. In that case, Plaintiff says "Porter's claim is to be considered a continuing hostile environment based on his prior protected activities....The 1996 reduction in force is a bright line for how the Navy set into motion matters that would finally cause severe harm from 1995 to the present." Civ. Case 07-0825, Doc. 1, Complaint, at 4:6-17.

Plaintiff states, "Porter is not attempting to maintain two separate actions involving the same subject matter at the same time in the same court. The fact is that the Navy fragmented his administrative claims so that he had to bring each piece separately, at different times, because each administrative complaint has a long and extensive administrative history with very different process time within the administrative process. The Navy's retaliatory actions and inactions at the time of the RIF are the subject of 1:07-cv-00825-AWI-SMS [Agency Nos. DON 00-60530-003 (called '2000-003') and DON 01-60530-011 (called '2001-011')]." Doc. 51, FAC, at 27:18-25. Notwithstanding this disclaimer against bringing the same claim in multiple suites, he does just that in his demand for judgment which pointedly pulls the Navy's actions in discharging him pursuant to the RIF as a basis for relief:

> **DEMAND FOR JUDGMENT**
> 11. Because of the NAVY's acts and omissions indicated above, PORTER seeks both equitable and injunctive relief, and legal damages.
> 12. PORTER seeks the following findings by this Court:
>     a. That the NAVY discriminated against PORTER because of his age and sex;
>     b. That the NAVY reprised against PORTER because of his prior protected activities under Title VII of the Civil Rights Act of 1964, as amended and/or the Age Discrimination in Employment Act;
>     c. That the NAVY, through its application of –

      i. the performance evaluation reviewing and rating system and other
       procedures as used by the Demonstration Project under which the
       NAVY employed PORTER at China Lake, California;
      ii. the Reduction-In-Force ["RIF"] process used to separate PORTER
       from NAVY employment;
      iii. the DOD's Priority Placement Program ["PPP"] rules, including those
       related to the Re-employment Priority List ["RPL"], the
       Repromotion Priority List ["RP"],Merit Promotion Instructions and
       internal guidance;
      iv. RIF, PPP, RPL, RP and NAVY policies for training and opportunity at
       other positions available to PORTER;
      v. the appearance of and actual conflicts of interest and conflicts of
       position in handling the issues PORTER raised herein; and/or,
      vi. other acts and omissions as such other findings may be made by the
       Court as appropriate regarding the discriminatory and/or retaliatory
       work environment, promotion[s], denial of increment[s] and
       bonus[es], failure to take prompt remedial action for any
       discriminatory and/or reprisal harassment;
  engaged in: (A) Discrimination against PORTER based on his age and/or sex; (B)
    Reprisal against PORTER because of his prior protected activities so as to deny
    him employment opportunities and employment; and (C) Harassment against
    PORTER so severe or pervasive as to create a hostile working environment.
13. PORTER seeks equitable relief of employment reinstatement at the appropriate
  grade/level, with full back pay, including all monetary and other benefits of
  federal employment he is entitled to, with interest thereon, according to proof.
14. PORTER seeks injunctive relief with respect to the performance evaluation reviewing
  and rating system and its procedures at issue herein, to correct, eliminate and/or
  remedy its inherent age and/or discrimination and/or retaliation.
15. PORTER seeks injunctive relief with respect to the issues of the appearance of and
  actual conflicts of interest and conflicts of position at issue herein, as appropriate
  to correct, eliminate and/or remedy its discrimination/reprisal/hostile work
  environment.
16. PORTER seeks injunctive relief with respect to the Reduction-In-Force ["RIF"]
  issues herein, including but not limited to the NAVY's obligations and DOD's
  Priority Placement Program ["PPP"], the Re-employment Priority List ["RPL"] ,
  and the Repromotion Priority List ["RP"], as appropriate to correct, eliminate
  and/or remedy the discrimination/reprisal.
17. PORTERseeks compensatory damages for the reprisal as provided by 42 U.S.C. §
  1981a, according to proof.
18. PORTER seeks reasonable attorney's fees and costs, according to proof.
19. PORTER seeks such other relief as to the Court is fair and just.

Doc. 51, FAC, at 38:17-40:10. In fact, this demand for relief in the FAC is copied, almost word

for word, from the demand in the 07-0825 complaint:

**DEMAND FOR JUDGMENT**
11. Because of the NAVY's acts and omissions indicated above, PORTER seeks both
  equitable and injunctive relief, and legal damages.
12. PORTER seeks the following findings by this Court:
  a. That the NAVY discriminated against PORTER because of his age;
  b. That the NAVY reprised against PORTER because of his prior protected
    activities under Title VII of the Civil Rights Act of 1964, as amended;
  c. That the NAVY, through its application of –
    i. the performance evaluation reviewing and rating system and other

```
 1                             procedures as used by the Demonstration Project under which the
                               NAVY employed PORTER at China Lake, California;
 2                        ii. the Reduction-In-Force ["RIF"] process used to separate PORTER
                               from NAVY employment;
 3                       iii. the DOD's Priority Placement Program ["PPP"] rules, including those
                               related to the Re-employment Priority List ["RPL"], the
 4                             Repromotion Priority List ["RP"],Merit Promotion Instructions and
                               internal guidance;
 5                        iv. RIF, PPP, RPL, RP and NAVY policies for training and opportunity at
                               other positions available to PORTER;
 6                         v. the appearance of and actual conflicts of interest and conflicts of
                               position in handling the issues PORTER raised herein; and/or,
 7                        vi. other acts and omissions as such other findings may be made by the
                               Court as appropriate regarding the discriminatory and/or retaliatory
 8                             work environment, promotion[s], denial of increment[s] and
                               bonus[es], failure to take prompt remedial action for any
 9                             discriminatory and/or reprisal harassment;
                  engaged in: (A) Discrimination against PORTER based on his age; (B) Reprisal
10                against PORTER because of his prior protected activities so as to deny him
                  employment opportunities and employment; and (C) Harassment against
11                PORTER so severe or pervasive as to create a hostile working environment.
         13. PORTER seeks equitable relief of employment reinstatement at the appropriate
12                grade/level, with full back pay, including all monetary and other benefits of
                  federal employment he is entitled to, with interest thereon, according to proof.
13       14. PORTER seeks injunctive relief with respect to the performance evaluation reviewing
                  and rating system and its procedures at issue herein, to correct, eliminate and/or
14                remedy its inherent age discrimination.
         15. PORTER seeks injunctive relief with respect to the issues of the appearance of and
15                actual conflicts of interest and conflicts of position at issue herein, as appropriate
                  to correct, eliminate and/or remedy its discrimination/reprisal.
16       16. PORTER seeks injunctive relief with respect to the Reduction-In-Force ["RIF"]
                  issues herein, including but not limited to the NAVY's obligations and DOD's
17                Priority Placement Program ["PPP"], the Re-employment Priority List ["RPL"] ,
                  and the Repromotion Priority List ["RP"], as appropriate to correct, eliminate
18                and/or remedy the discrimination/reprisal.
         17. PORTERseeks compensatory damages for the reprisal as provided by 42 U.S.C. §
19                1981a, according to proof.
         18. PORTER seeks reasonable attorney's fees and costs, according to proof.
20       19. PORTER seeks such other relief as to the Court is fair and just.
```

Civ. Case No. 07-0825-AWI SMS, Doc. 1, Complaint, at 6:11-8:1. Plaintiff did not even bother

to correct the paragraph numbering to fit the FAC; correctly numbered, the quoted section would

be paragraphs 125 through 133 in the FAC.

      Plaintiff appears to be improperly raising identical claims in at least two separate cases.

Such a tactic can not be tolerated. In all of these district court suits, Plaintiff is alleging sex

and/or age discrimination/retaliation based on the same exact events. After disregarding the

November 1, 2007 Order's admonitions regarding duplicative claims, the court is close to

coming to a final conclusion that Plaintiff is either unwilling or unable to make clear which

claims belong in this case. If Plaintiff can not make his pleadings clear, the court will have to take an active hand in interpreting his complaint. While the complaint must be construed in the light most favorable to Plaintiff, the court would be forced to read his claim narrowly to avoid jurisdictional problems. Based on the FAC as plead, the court can not evaluate whether Plaintiff's claim has been mooted. Plaintiff is granted one last chance to clarify his claim.

### IV. Order

Defendant's motion to dismiss is GRANTED. Plaintiff is granted leave to amend.

IT IS SO ORDERED.

Dated:     **March 31, 2009**                              **/s/ Anthony W. Ishii**
                                                        CHIEF UNITED STATES DISTRICT JUDGE